**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MIA SARA ORTIZ,

                Plaintiff,

v.                                       Case No.: 6:25-cv-1385-WWB-RMN

ADAM SUBURY, ANTHONY MOSHER,
EXECUTIVE DIRECTOR JIM ZINGALE,
HONORABLE HAL C. EPPERSON, JR.,
HONORABLE HOLLY DERENTHAL,
HONORABLE LAURA SHAFFER,
HONORABLE ERIC NETCHER,
SHEREA-ANN FERRER and
UNKNOWN COURT OFFICIALS,

                Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiff's Motion to Access Records and Public Court Files Without Cost ("**Motion to Access**," Doc. 5) and Motion for Temporary Restraining Order and Protective Relief (Doc. 6). In the latter, Plaintiff seeks a temporary restraining order, enjoining Defendants from enforcing sanctions, or adverse orders in, or proceeding with state court proceedings involving Plaintiff and Defendant Anthony Mosher. (*Id.* at 2–3).

Plaintiff Mia Sara Ortiz alleges that she and Defendant Anthony Mosher are parties to state family court proceedings. (Doc. 1 at 2–3). Plaintiff further alleges that during those proceedings, Defendants engaged in judicial misconduct, denied her due process, and improperly enforced court orders. (*Id.*). Plaintiff accordingly brings this suit, alleging claims for denial of due process under 42 U.S.C. § 1983, "Retaliation for Protected

Activity," conspiracy to interfere with civil rights under 42 U.S.C. § 1985, "Misuse of Federal Funds/Unlawful State Action," and "Violation of Federal Tax Rights & Due Process" under 26 U.S.C. § 152(c) and 42 U.S.C. § 1983.  (*Id.* at 5–6).

As an initial matter, review of the Motion to Access reveals that Plaintiff has not identified any law or rule under which the Court may grant the requested relief.  The Court concludes that the Motion to Access is not authorized under the Federal Rules of Civil Procedure and must be denied.  To the extent that Plaintiff seeks to proceed in this action without paying the filing fee, the Court concludes that there is not enough information to determine if she is able to pay the costs of this action pursuant to 28 U.S.C. § 1915(a).  Should Plaintiff seek such relief in the future, she must file the proper long form Application to Proceed in District Court without Prepaying Fees or Costs.[1]

The Court now turns to Plaintiff's Motion for Temporary Restraining Order and Protective Relief.  Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest."  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th

---

[1] The long form Application to Proceed in District Court without Prepaying Fees or Costs can be found on the Court's website, at www.uscourts.gov/default/files/ao239_1.pdf.

Cir. 2005).  Additionally, the moving party must present facts and evidence stating why "notice is impractical."  M.D. Fla. R. 6.01(b)(2).

The Court concludes that at this juncture, Plaintiff's Motion fails.  As an initial matter, Plaintiff fails to present facts or identify evidence stating why notice to defendants is impractical as required by Local Rule 6.01(b)(2).  The Motion similarly fails to identify any efforts made to give notice or reasons why notice should not be required under Federal Rule of Civil Procedure 65(b)(1)(B).   The Court could deny the Motion on these grounds, but both the Motion and the Complaint suffer from additional substantive defects.  In the Complaint, Plaintiff's claims for relief contain only general, single-sentence allegations of wrongdoing against all Defendants, fail to incorporate any factual allegations, and do not identify Plaintiff's causes of actions or the elements thereof.  The Court is left to speculate as to what acts or omissions give rise to the alleged liability.  It is therefore impossible for the Court to determine whether Plaintiff's allegations meet the applicable standard to establish a substantial likelihood of success on the merits.  Moreover, even if the Complaint were more effectively pleaded, the Motion would still fail for its failure to develop argument, cite to supportive authorities, and point to specific facts showing immediate irreparable harm.  (*See generally* Doc. 6); Fed. R. Civ. P. 65(b)(1)(A).

On a final note, it appears that the Court lacks subject-matter jurisdiction over Plaintiff's claims.  Even if Plaintiff were to file an improved amended pleading, the Court concludes it would likely be required to abstain under the *Younger* abstention doctrine. The *Younger* doctrine requires federal courts to abstain from exercising jurisdiction when doing so would cause "undue interference with state proceedings."  *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989).  Under *Younger*, a federal

district court should abstain from interfering with a state proceeding where: (1) the state proceeding "constitute[s] an ongoing state judicial proceeding"; (2) "the proceedings implicate important state interests"; and (3) "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003).

As noted above, Plaintiff asks the Court to enjoin apparently ongoing state family court proceedings. The Eleventh Circuit has held that *Younger* abstention is appropriate for claims seeking equitable relief in cases involving domestic relations and child custody. *See Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020) ("[F]amily relations are a traditional area of state concern." (citation omitted)); *Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013) (deeming *Younger* abstention appropriate regarding claims for declaratory and injunctive relief in a child-custody case.). Accordingly, Plaintiff will be ordered to show cause why this case should not be dismissed for want of subject matter jurisdiction.

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Access Records and Public Court Files Without Cost (Doc. 5) and Motion for Temporary Restraining Order and Protective Relief (Doc. 6) are **DENIED**. It is further **ORDERED** that **on or before August 15, 2025**, Plaintiff shall **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2025.

_____

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Unrepresented Party